UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X
THOMAS CANGEMI and JODI CANGEMI,
MARIANN COLEMAN, FRANCIS J.
DEVITO and LYNN R. DEVITO, LEON           MEMORANDUM & ORDER
KIRCIK and ELIZABTH KIRCIK, CAROL         12-CV-3989 (JS)(SIL)
C. LANG and TERRY S. BIENSTOCK,
DANIEL LIVINGSTON and VICTORIA
LIVINGSTON, ROBIN RACANELLI,
JAMES E. RITTERHOFF and GALE H.
RITTERHOFF, ELSIE V. THOMPSON
TRUST, JOSH TOMITZ, and THELMA
WEINBERG, TRUSTEE OF THE THELMA
WEINBERG REVOCABLE LIVING TRUST,

                  Plaintiffs,

     -against-

THE TOWN OF EAST HAMPTON,

                  Defendant.
--------------------------------X
APPEARANCES
For Plaintiffs:      Jonathan Halsby Sinnreich, Esq.
                     Timothy F. Hill, Esq.
                     Sinnreich Kosakoff & Messina LLP
                     267 Carleton Avenue, Suite 301
                     Central Islip, New York  11722

                     Lisa Angela Perillo, Esq.
                     Messina Perillo & Hill LLP
                     285 West Main Street, Suite 203
                     Sayville, New York  11782

For Defendant:       Anthony F. Cardoso, Esq.
                     Steven C. Stern, Esq.
                     Chelsea Ella Weisbord, Esq.
                     Kevin Levine, Esq.
                     Mark A. Radi, Esq.
                     Sokoloff Stern LLP
                     179 Westbury Avenue
                     Carle Place, New York  11514

SEYBERT, District Judge:

Thomas Cangemi, Jodi Cangemi, Mariann Coleman, Francis J. Devito, Lynn R. Devito, Leon Kircik, Elizabeth Kircik, Carol C. Lang, Terry S. Bienstock, Daniel Livingston, Victoria Livingston, Robin Racanelli, James E. Ritterhoff, Gale H. Ritterhoff, Elsie V. Thompson Trust, Josh Tomitz, and Thelma Weinberg, Trustee of the Thelma Weinberg Revocable Living Trust (collectively the "Plaintiffs") move to vacate and annul or otherwise reduce the Clerk of the Court's March 4, 2022 Taxation of Costs in the amount of $60,201.19 entered in favor of Town of East Hampton ("Defendant") (hereafter the "Motion"). (See ECF No. 230.) By Report & Recommendation dated December 12, 2022, Magistrate Judge Steven I. Locke recommended that the Court deny Plaintiffs' Motion in its entirety. (Report & Recommendation ("R&R"), ECF No. 233.) Plaintiffs timely filed objections (Obj., ECF No. 235), to which Defendant replied. (Resp., ECF No. 236.) For the following reasons, Plaintiffs' objection as to the cost associated with the process server fee for Robert Pfeifer ("Pfeifer") is SUSTAINED, the remainder of Plaintiffs' objections are OVERRULED, the R&R is ADOPTED as modified in accordance with this Court's rulings herein, and Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The Court adopts the "Relevant Factual Background" stated by Magistrate Judge Locke in his R&R, finding that the R&R

accurately summarized the relevant facts pertinent to this case, and which are incorporated herein.[1] (See R&R at 3-7.) Similarly, the Court adopts the Magistrate Judge's recitation of the "Relevant Procedural History", which is also incorporated herein. (See id. at 4-8.) For the reader's convenience, however, the Court reiterates the following.

I.  Facts

        After Plaintiffs secured a jury verdict against Defendant on claims of private nuisance and trespass, Defendant moved pursuant to Federal Rule of Civil Procedure ("Rule") 50 for judgment as a matter of law (the "JML Motion"). (Obj. at 6.) The Court granted the JML Motion, vacated the jury's compensatory award to the Plaintiffs, entered judgment in favor of the Defendant and granted the Defendant costs pursuant to Rule 54. (Id.) The judgment entered in favor of Defendant was affirmed on appeal. (Id.) On November 12, 2021, Defendant filed its bill of costs pursuant to 28 U.S.C. §§ 1920, 1923, Rule 54(d), and Local Rule 54.1. (Bill-of-Costs, ECF No. 226 at 1.) Defendant sought a total of $60,201.19, attaching a supporting declaration and corresponding invoices broken down by date, amount and description of each charge. (See id.) On November 26, 2021, Plaintiffs

---

[1] The Court adopts the relevant factual and procedural history articulated in the R&R over Plaintiffs' objection, which the Court finds to be baseless.

objected to Defendant's Bill of Costs. (Bill-of-Costs Obj., ECF No. 227.) However, on March 4, 2022, the Clerk of the Court entered Costs Taxed in the amount of $60,201.19.

## II. Procedural History

On March 28, 2022, Plaintiffs filed the instant Motion pursuant to Rule 54(d)(1) seeking to vacate, annul or otherwise reduce the Clerk of the Court's taxation of costs. (Motion, ECF No. 230.) Defendant filed its opposition on April 11, 2022. (Opp'n, ECF No. 231.) Plaintiffs then filed their reply in support of their Motion on April 19, 2022. (Reply, ECF No. 232.) Afterwards, this Court referred Plaintiffs' Motion to Magistrate Judge Locke for a report and recommendation on whether the Motion should be granted. (See Oct. 31, 2022 Elec. Order Referring Motion.) Magistrate Judge Locke issued his R&R on December 12, 2022, and Plaintiffs timely filed objections, to which the Defendant responded.

## III. Magistrate Judge Locke's R&R

In the R&R, after summarizing the material facts and procedural history of the action, Magistrate Judge Locke began by identifying the appropriate statutes and rules which govern a prevailing party's entitlement to recovery of costs in a civil action. (See R&R at 8-9.) Magistrate Judge Locke next articulated the relevant case law applicable to the recovery of costs associated with deposition transcripts and expedited trial

4

transcripts.  (Id. at 9-10.)  Afterwards, Magistrate Judge Locke
summarized relevant law outlining various situations in which a
Court may exercise its broad discretion in this area to not award
a prevailing party's costs.  (Id. at 10.)  Such factors that may
weigh in favor of denying costs pursuant to Rule 54, as highlighted
in the R&R, include the indigency of the losing party, the losing
party's good faith in bringing the action, and the level of
complexity associated with the litigation.  (Id.)

     Ultimately, Magistrate Judge Locke concluded that the
Court should decline to exercise its discretion to reduce costs
taxed and that Plaintiffs' Motion should be denied.  (Id. at 13.)
Judge Locke reasoned that Defendant had met its burden in
"adequately documenting and itemizing the costs requested, which
were appropriately sought."  (Id. at 11.)  Moreover, Judge Locke
acknowledged that while this litigation was complex, and that
Plaintiffs did bring the action in good faith, "other factors that
weigh[ed] against equitability in imposing costs, such as
financial hardship to the losing party" were inapplicable here.
(Id.)

     Magistrate Judge Locke next determined that while the
costs for expedited trial transcripts were "high," that the trial
transcript was "necessarily obtained."  (Id.)  Judge Locke
highlighted the fact that the trial in this case was "a complex,
four-week trial with eighteen witnesses whose testimony often

5

spanned multiple days or was conducted piecemeal." (Id.)  Judge Locke noted that both parties "consulted the transcript during the trial in identifying exhibits to provide information during jury deliberations as well as [using it] in post-trial briefing." (Id.) Likewise, Judge Locke found that the costs associated with Section 50-h hearings and deposition transcripts (collectively the "Pretrial Transcripts") should be awarded since "[e]ven if all transcripts may not have been used at trial or certain witnesses did not testify at trial . . . the testimony was reasonably necessary to the litigation at the time it was taken." (Id. at 12.)  Next, Judge Locke found that Defendant was entitled to the costs of title searches under Local Rule 54.1 as "it was reasonable for the [Defendant] to ascertain the ownership of the properties and chain of title" given that Plaintiffs alleged that the Defendant "created a nuisance and trespassed on their properties." (Id.)  Finally, pursuant to Local Rule 54.1, Judge Locke determined that "witness expenses, docketing expenses and process server fees" were "all recoverable . . . and the [Defendant] met its burden of adequately documenting and itemizing the costs requested." (Id.)

## DISCUSSION

The Court adopts the "Legal Standard" stated by Magistrate Judge Locke in his R&R, finding that the R&R accurately summarized the relevant law pertaining to the taxation of costs,

and which is incorporated herein.[2]  The Court adds the following legal principles applicable to its analysis of Plaintiffs' objections to the R&R.

## I.   Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).  The Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Similarly, the Court "will not consider [] arguments . . . [that] were not properly presented to the magistrate judge in the

---

[2] While it is unclear whether Plaintiff objects to the legal standard articulated by Judge Locke given the vague, all-encompassing objection included in Plaintiffs' papers that the Court has already rejected, the Court notes that Plaintiffs concede that Judge Locke identified the "caselaw that would provide for costs to be vacated or reduced as inequitable."  Plaintiffs' objections pertain to how Magistrate Judge Locke applied that law.

underlying motion papers." <u>Brand v. AIF Ins. Co.</u>, No. 15-CV-6286, 2018 WL 4344972, at *1 (E.D.N.Y. Sept. 11, 2018).

II.  <u>Analysis</u>

Turning to Plaintiffs' objections, with the exception of the cost associated with the process server fee for Pfeifer, the Court finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" the Magistrate Judge.  <u>Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc.</u>, No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting <u>Rizzi v. Hilton Domestic Operating Co., Inc.</u>, No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)).  Additionally, to the extent Plaintiff raises arguments not previously briefed regarding the Taxation of Costs, the Court declines to review them. <u>See</u> <u>Brand</u>, 2018 WL 4344972, at *1.  Thus, with the exception of the cost associated with process server fee for Pfeifer, the Court reviews Magistrate Judge Locke's analysis for clear error and finds none.

Nonetheless, out of an abundance of caution, considering Plaintiffs' objections, the Court adopts the R&R under <u>de novo</u> review, as discussed below.

A. <u>Defendant's Bill of Costs</u>

First, Plaintiffs object to the R&R on the basis that, while correctly identifying the caselaw that would provide for

8

costs to be vacated or reduced, Magistrate Judge Locke failed to correctly apply the law and "fail[ed] to provide any analysis of the issue." (Obj. at 8.)   Plaintiffs continue that the R&R "sets out an overly simplistic rule that is plainly contrary to law." (Id.) Plaintiffs contend that the Magistrate Judge's conclusion, that Defendant was entitled to costs because it "ultimately prevailed" despite this being "a complex and protracted litigation," was plain error. (Id. at 8-9.)   Plaintiffs aver that "[i]f a prevailing party is entitled to costs because it prevailed, then there is no basis upon which anyone could ever seek to reduce costs." (Id. at 9.)   This Court does not read the R&R so narrowly.

As noted by Magistrate Judge Locke, the complexity and protracted nature of the litigation is only one factor to be considered in determining whether to exercise discretion to vacate or otherwise reduce costs.  Other factors to be considered include, the indigency of the losing party, the good faith of the party bringing the action, and whether the losing party can demonstrate misconduct on the part of the prevailing party.  See Thompson v. Clark, 357 F. Supp. 3d 224, 226 (E.D.N.Y. 2019) (noting that "the awarding of costs is discretionary with the trial judge" and, exercising that discretion, finding that, costs should not be awarded "[i]n view of plaintiff's good faith in bringing this action to enforce his constitutional rights, the close, difficult, and protracted nature of the litigation, and plaintiff's reduced

9

financial resources"); see also AXA Versicherung AG v. N.H. Ins. Co., 769 F. Supp. 2d 623, 625-26 (S.D.N.Y. 2011) (finding that where defendant prevailed on appeal based on a statute of limitations defense it would nonetheless be inequitable to award costs because defendant was originally found to have defrauded plaintiff "to such a deplorable extent" that its conduct "merited an award of punitive damages" (citing USM Corp. v. SPS Tech, Inc., 102 F.R.D. 167, 172 (N.D. Ill. 1984))). Moreover, the losing party bears "the burden to show that costs should not be imposed." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016).

Here, Judge Locke concluded that Defendant had met its burden in adequately documenting and itemizing the costs requested. Judge Locke then determined that while "[t]his was a complex and protracted litigation . . . brought . . . in good faith" there were "other factors that weigh[ed] against" a finding that awarding costs would be inequitable. (R&R at 11.) This Court agrees. For example, Plaintiffs in this case are not financially indigent and there are multiple named Plaintiffs such that imposing costs would not be a financial hardship on any single one of them. Compare Vidal v. Lampon, No. 16-CV-5006, 2019 WL 10270262, at *1 (S.D.N.Y. Aug 15, 2019) (vacating costs where plaintiff was "indigent as he receives minimal prison wages and limited outside income, and imposing [d]efendants' costs on him would create

10

significant financial hardship"); Wisniewski v. Claflin, No. 05-CV-4956, 2008 WL 11412045, at *1 (E.D.N.Y. Dec. 10, 2008) (exercising discretion to vacate costs where "plaintiff [was] financially destitute [because he had] lost his job and [was] collecting unemployment benefits of $405 per week"). Additionally, there are no allegations of misconduct levied by Plaintiffs against Defendant such that an award of Defendant's costs would be unfair or inequitable. Consequently, the Court finds, like Magistrate Judge Locke, that other factors weighing against equitability council against the Court exercising its discretion to deny Defendant's costs.

B. The Cost of Daily Trial Transcripts

Second, Plaintiffs argue that Defendant "seeks excessive costs for daily trial transcripts without any demonstration of necessity." (Obj. at 12-14.) Plaintiffs aver that the daily transcripts at issue in this case "were a mere convenience for counsel and had nothing ultimately to do with the Court's finding in Defendant's favor." (Id. at 15.)

The Court agrees with Plaintiff that "[t]he relevant inquiry is whether the transcripts of [the] trial testimony were necessary for defendant's use in the case." Bucalo v. E. Hampton Union Free Sch. Dist., 238 F.R.D. 126, 129 (E.D.N.Y. 2009) (citation omitted). However, while "daily trial transcripts are not customary, costs for daily transcripts generally are awarded

11

in long and complicated cases." Bauta v. Greyhound Lines, Inc., No. 14-CV-3725, 2019 WL 8060181, at *4 (E.D.N.Y. June 17, 2019). As such, the Court agrees with Judge Locke's assessment that Defendant's use of the transcripts in this case went beyond mere convenience. For example, Defendant notes that, not only was this a complex case, but that the case "involve[ed] eleven sets of Plaintiff homeowners; six years of litigation prior to trial; [and] a 153-page pre-trial order listing over 1,000 exhibits." (Resp. at 7.) Compare Syracuse Broad. Corp. v. Newhouse, 319 F.2d 683, 690 (2d Cir. 1963) (holding that district court's award of costs for daily transcript was not an abuse of discretion where "daily transcript was necessary because of the complicated and blurred issues involved and the mass of evidence that was introduced"). Moreover, as noted by Defendant, at trial, "[e]ighteen witnesses testified over [] four weeks, many of whose testimony straddled multiple days, and some testified piecemeal." (Resp. at 7.) Compare Palm Bay Intern., Inc. v. Marchesi Di Barolo S.P.A., 285 F.R.D. 225 (E.D.N.Y. 2012) (finding costs of daily trial transcripts necessary in case where "trial went on for four weeks and involved testimony from sixteen witnesses"). Additionally, Defendant highlights that numerous issues arose during the trial that required the parties and the Court to use the transcripts to resolve them. (Id. at 8.) Defendant states that the daily transcripts were also necessarily obtained in that they aided the

lawyers during summation, allowed the Court to set an expedited briefing schedule on post-trial motions, and were part of the record on appeal. (Id.) Again, in instances such as these, courts in this Circuit have found that daily transcripts are necessary and thus taxable as costs. See, e.g. Perks v. Town of Huntington, 331 F. App'x 769, 770 (2d Cir. 2009) (affirming district court's award of costs for daily transcripts where "[t]he record indicate[d] that both the district court and defendants relied extensively on daily transcripts to determine which documents had been submitted into evidence, to recall prior testimony . . . and to prepare the jury charge"); Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.), No. 12-CV-7405, 2014 WL 1979875, at *2 (S.D.N.Y. May 15, 2014) ("[w]hen trial transcripts are used in post-trial motions, the Court may find that the transcripts were 'necessarily obtained,' and thus taxable") (quoting Settlement Funding, LLC v. AXA Equitable Life Ins. Co., No. 09-CV-8685, 2011 WL 2848644, at *2 (S.D.N.Y. Jul. 18, 2011)).

In view of the foregoing, the Court finds that the costs of the daily transcripts should be included in Defendant's Bill of Costs.

C. Defendant's Other Costs

Third, Plaintiffs argue that Magistrate Judge Locke should not have awarded Defendant other costs including those for: (1) the Pretrial Transcripts; (2) title searches of the

13

Plaintiffs' properties; (3) witness fees for David Weaver ("Weaver"); and (4) process server fees for Weaver and Pfeifer. (See Obj. at 15-20.)  The Court addresses each of Plaintiffs' objections in turn.

### i. Pretrial Transcripts

Plaintiff argues that Defendants failed to specify which of the pretrial transcripts were used by Defendant or for what purpose. (Id. at 16.)  Specifically, Plaintiffs argue that "the [Section] 50-h transcripts [] were not meaningfully used, and in most cases, were not used at all." (Id.)  Plaintiffs advance a similar argument regarding the deposition transcripts. (Id. at 17.)  For example, Plaintiffs highlight that the Section 50-h transcripts "of [P]laintiffs Carol Lang, Jodi Cangemi, John Tomitz, Lynn DeVito, Elizabeth Kircik, Victoria Livingston, Ernest Thompson, and Gale Ritterhoff were not used at all and were not necessary expenses since none of these individuals testified at trial." (Id. at 16.)  Similarly, Plaintiff notes that the costs for the deposition transcripts of Ernest Thompson, John Tomitz, Anthony Ciorra, and Diane Rahoy "should not be taxed because they were not used, and because these individuals did not testify at trial." (Id. at 17-18.)  Defendant counters that all of the Pretrial Transcripts "were used extensively in preparation for trial, as well as during cross-examinations." (Resp. at 10.)  Moreover, Defendant notes that all of the transcripts, including

14

those of the individuals identified by Plaintiff, "were used in connection with the extensive briefing of the summary judgment motions." (Id.) Defendant expounds that it "heavily relied on all the Plaintiffs' [Pretrial] [T]ranscripts" as evidenced by its Rule 56.1 Statement. (Id. at 11.) Moreover, Defendant contends that the Rule 56.1 Statement "was [also] a valuable reference at trial about each of the properties, with specific citations to each of the Plaintiffs' [Pretrial] [T]ranscripts." (Id.)

"Under 28 U.S.C. § 1920(2), the Court has discretion to award costs for transcripts of pretrial hearings." Hadid v. City of N.Y., No. 15-CV-0019, 2018 WL 3999018, at *2 (E.D.N.Y. July 31, 2018). Based upon Defendant's extensive use of the pretrial transcripts to prepare for trial and cross examination and based upon their use in connection with the summary judgment briefing, the Court agrees with Judge Locke that Defendant is entitled to the costs of the Pretrial Transcripts. Accord id. (awarding defendant costs of pretrial transcript because "[d]efendants include[d] the transcript . . . in their motion for summary judgment, and it is reasonable to infer that the transcript was used in deciding the summary judgment motion").

ii. Process Server Fee and Witness Fee for Weaver

In their objection to Judge Locke's R&R, Plaintiffs argue, for the first time, that Defendant's "request for a witness fee for David Weaver should be denied." (Obj. at 18.) Plaintiff

makes a similar objection as to Defendant's "request for process server fee[s] for service of a 'trial subpoena' upon David Weaver." (Id. at 19.)  Since this issue was not presented to the Magistrate Judge in the first instance, this Court will not consider Plaintiffs' arguments regarding Weaver.  See Zhao v. State Univ. of N.Y., No. 04-CV-210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011), aff'd sub nom. Jin Zhao v. Warnock, 551 F. App'x 18 (2d Cir. 2014) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

### iii. Process Server Fee for Pfeifer

Regarding Pfeifer, Plaintiff argues that Defendant's process server fee should be denied or reduced because the invoice "indicates a fee for 'rush service'" and exceeds the fee that the Marshals' office charges under federal statute.  (Obj. at 19.) Defendant counters that if the fee were impermissible "[t]he Clerk of the Court would have reduced this fee."  (Resp. at 13.)

The Court agrees with Judge Locke's conclusion that process server fees are a valid taxable cost.  See Local Rule 54.1(c)(10).  However, in the absence of any discussion why rush service was necessary or warranted, the Court also agrees with Plaintiffs that the cost associated with the process server fee should be reduced.  See Barrera v. Brooklyn Music, Ltd., 346 F.

16

Supp. 2d 400, 405 (E.D.N.Y. 2004) ("[D]istrict courts have discretion to grant appropriate process server fees to the extent that they do not exceed the costs that would have been incurred had the Marshals' office effected service"); Olaf Soot Design, LLC v. Daktronics, Inc., No. 15-CV-5024, 2022 WL 2530358, at *7 (S.D.N.Y. March 31, 2022) report & recommendation adopted, 2022 WL 3448693 (S.D.N.Y. Aug. 17, 2022). Presently, the Marshals' office charges "$65 per person per hour for each item served." 28 C.F.R. § 0.114(a)(3). Accordingly, the process server fee for service of a trial subpoena on Pfeifer should be reduced to $130.00.

iv. Title Searches

Finally, Plaintiffs argue that Defendant's request for costs associated with title searches of the Plaintiffs' properties should be denied as inequitable. Plaintiffs content that "[t]he title search was not used at trial or, upon information and belief, during any of the prior proceedings." (Obj. at 18.) Additionally, Plaintiffs argue that, since Defendant "is the municipal government that has jurisdiction over all of the Plaintiffs' properties . . . [t]he Defendant was already in possession of extensive, official information concerning the properties." (Id.) Defendant counters that "[t]his case involved Plaintiffs' claims that they owned the properties at issue, and that Defendant caused a nuisance and trespassed on their properties because [] erosion diminished their beach." (Resp. at 11.) Defendant avers that

17

"[i]t was important for Defendant to ascertain the ownership of the properties, chain of title, and understand their metes and bounds over time."  (Id. at 11-12.)

Pursuant to Local Rule 54.1(c)(9) "[a] party is entitled to tax necessary disbursements for the expenses of searches made by title insurance, abstract or searching companies."  In view of the foregoing, the Court finds no error in Magistrate Judge Locke's recommendation that Defendant be allowed to recover these costs.  See also Close-Up Intern., Inc. v. Berov, No. 02-CV-2363, 2007 WL 4053682, at *11 (E.D.N.Y. Nov. 13, 2007) ("[C]osts for title searches are specifically permitted under Local Rule 54.1(c)(9).").

CONCLUSION

For the stated reasons, Plaintiffs' objection as to the cost associated with the process server fee for Pfeifer is SUSTAINED, the remainder of Plaintiffs' objections are OVERRULED, the R&R is ADOPTED as modified in accordance with this Court's rulings herein, and Plaintiffs' Motion to Set Aside Costs Taxes is GRANTED IN PART AND DENIED IN PART.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 28, 2023
       Central Islip, New York